IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| JOSE ROLANDO MOSHAN-MARTINEZ, *et al.*, | ) |
| Plaintiffs | ) |
| v. | ) CASE NO: 5:20-cv-00205-FL |
| FRANCISCO VALADEZ, JR. LLC, *et al.* | ) |
| Defendants. | ) |

## PLAINTIFFS' MOTION FOR LEAVE TO PROCEED ANONYMOUSLY AND AMEND THE COMPLAINT TO ADD PLAINTIFF JOHN DOE

Jose Rolando Moshan-Martinez, Jose Eduardo Casillas-Serrano, Bulmaro de la Rosa-Alvarado, Isaias Gomez-Gonzalez, Efrain Gomez-Santiz, Jose Luis Hernandez-Martinez, Maricela Jimenez-Giron, Oscar Guadalupe Lopez-Arcos, and Lorenzo Lopez-Lopez ("Plaintiffs") move this Court to allow John Doe, as identified in his declaration attached as Exhibit A ("Doe's Declaration"), to proceed anonymously and under pseudonym as a Plaintiff in the above-captioned matter and to grant leave to Plaintiffs to amend their First Amended Complaint accordingly. Further, Plaintiffs request leave to amend to correct an inadvertent omission in the Prayer for Relief section of their First Amended Complaint.

In support of this Motion, Plaintiffs show:

1. Plaintiffs commenced this action against Defendants on May 18, 2020, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"), the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1, et seq. ("NCWHA"), the Trafficking Victims Protection Act, 18 U.S.C. §§ 1581 et seq.

1

("TVPRA"), the Unfair and Deceptive Practices Act, N.C. Gen. Stat. § 75-1.1, et seq. ("UDTPA"), and North Carolina common law. ECF Dkt No. 1. On September 28, 2020, Plaintiffs filed their First Amended Complaint. ECF Dkt No. 50.

2. All Defendants have filed their respective Answers to Plaintiffs' First Amended Complaint. ECF Dkt Nos. 53 and 56-58.

3. Discovery has not commenced in this action as of the filing of this motion.

4. Plaintiffs seek leave of Court for John Doe to join the lawsuit as a plaintiff under a pseudonym. Further, Plaintiffs seek leave of Court to make a correction the Prayer for Relief omitted by oversight in their previous filing. Plaintiffs' have attached their Proposed Second Amended Complaint with and without redline changes as Exhibit B and C, respectively.

5. Courts exercise their authority to permit a plaintiff to proceed under a pseudonym in special circumstances when the plaintiff's "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000); *see also Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189 (2nd Cir. 2008).

6. The Court's discretion in this matter is guided by considering certain judicially recognized factors including (1) whether the plaintiff's asserted justification for anonymity is to protect privacy in a sensitive or highly person matter or merely to avoid annoyance and criticism; (2) whether identification of the plaintiff would pose a risk of retaliatory physical or mental harm to the party or, "even more critically," innocent third parties; (3) the age of the persons whose privacy interests

2

the plaintiff seeks to protect; (4) whether the action is against the government or a private party; and (5) the risk of unfairness posed to the opposing party should a court permit an action to proceed anonymously. *James v. Jacobson*, 6 F.3d 233, 242 (4th Cir. 1993).

7. Plaintiffs have demonstrated that Doe's need to conceal his identity from the Defendants outweighs both any prejudice to Defendants and the public's interest in knowing his identity.

8. Disclosure of Doe's identity in this action risks retaliatory harm to both Doe and innocent third parties. Exhibit A, Declaration of John Doe, ¶8. Doe and his family members are particularly vulnerable to retaliation from the recruitment agent of Defendants Francisco Valadez, LLC and Francisco Valadez, Jr. ("Valadez Defendants"). *See* Exhibit A, Doe's Declaration, ¶¶3, 7, and 31.

9. Doe's fear of harm is reasonable because the possible threat of retaliatory harm from the Valadez Defendants and their agents is not speculative. *Id.,* ¶¶24-27 and 32-33.

10. Doe's fear of harm is reasonable in light of the experiences of other foreign migrant workers involved in similar litigation against their U.S. employers. *See e.g., Javier H. v. Garcia-Botello*, 211 F.R.D. 194, 196 (W.D.N.Y. 2002); *Altamirano-Santiago v. Better Produce, Inc.*, 19-cv-3964 DDP (FFMx), 2018 U.S. Dist. LEXIS 197938, at *9 (C.D. Ca. Nov. 13, 2019); *Escolastico De Leon-Granados v. Eller & Sons Trees*, 1:05-CV-1473-CC, 2006 U.S. Dist. LEXIS 73781 at *33 n. 1 (N.D. Ga. Sep. 28, 2006); *Recinos-Recinos v. Express Forestry, Inc.*, 05-1355 SECTION "I" (3), 2006 U.S. Dist. LEXIS 2510 at *10 (E.D. La. Jan. 23, 2006).

3

11. It is in the public interest to permit Plaintiff to proceed anonymously because his claims are related to his status as a migrant worker and claims of attempted human trafficking and he is seeking to vindicate statutory rights of importance to the public. *See e.g. Doe v. The New Ritz, Inc.* *8–9 (D. Md. Jul. 14, 2015); *Altamirano-Santiago*, at *10; *Advanced Textile*, 214 F.3d at 1073; *Doe v. Dabbagh*, 15-cv-10724 2015 U.S. Dist. LEXIS 194303, *5 (E.D. Mich. May 28, 2015).

12. Once the time to amend a complaint as a matter of course has passed, Rule 15 provides that a party should be allowed to "amend its pleading only with the opposing party's written consent or the court's leave," but that leave should "be freely given when justice so requires." Fed.R.Civ.P. 15(a)(2).

13. The Fourth Circuit has interpreted Supreme Court precedent to determine that leave to amend a pleading should be denied only (a) when the amendment would be prejudicial to the opposing party, including the nature and the timing of the request, (b) there has been bad faith on the part of the moving party, or (c) the amendment would have been futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (quoting *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509 (4th Cir. 1980) (citing *Foman v. Davis*, 371 U.S.178, 182).

14. Doe's use of a pseudonym will not result in prejudice to Defendants.

    a. In this action, Doe does not seek to prevent Defendants' counsel from knowing his true name.

    b. Although the Doe's fear of harm is based circumstances particular to him, Doe's claims result from similar facts already alleged by the nine (9) other Plaintiffs in their First Alleged Complaint. Allowing Doe to proceed under a pseudonym

4

Case 5:20-cv-00205-FL   Document 68   Filed 11/04/20   Page 4 of 8

11. It is in the public interest to permit Plaintiff to proceed anonymously because his claims are related to his status as a migrant worker and claims of attempted human trafficking and he is seeking to vindicate statutory rights of importance to the public. *See e.g. Doe v. The New Ritz, Inc.* *8–9 (D. Md. Jul. 14, 2015); *Altamirano-Santiago*, at *10; *Advanced Textile*, 214 F.3d at 1073; *Doe v. Dabbagh*, 15-cv-10724 2015 U.S. Dist. LEXIS 194303, *5 (E.D. Mich. May 28, 2015).

12. Once the time to amend a complaint as a matter of course has passed, Rule 15 provides that a party should be allowed to "amend its pleading only with the opposing party's written consent or the court's leave," but that leave should "be freely given when justice so requires." Fed.R.Civ.P. 15(a)(2).

13. The Fourth Circuit has interpreted Supreme Court precedent to determine that leave to amend a pleading should be denied only (a) when the amendment would be prejudicial to the opposing party, including the nature and the timing of the request, (b) there has been bad faith on the part of the moving party, or (c) the amendment would have been futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (quoting *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509 (4th Cir. 1980) (citing *Foman v. Davis*, 371 U.S.178, 182).

14. Doe's use of a pseudonym will not result in prejudice to Defendants.

    a. In this action, Doe does not seek to prevent Defendants' counsel from knowing his true name.

    b. Although the Doe's fear of harm is based circumstances particular to him, Doe's claims result from similar facts already alleged by the nine (9) other Plaintiffs in their First Alleged Complaint. Allowing Doe to proceed under a pseudonym

would not cause Defendants any theoretical reputational harm. *See* Exhibit B, Plaintiffs' Proposed Second Amended Complaint with Redlined Changes.

c. Granting Doe's request to conceal from Defendants would result in no prejudice to Defendants Winzeler Farms or Cottle Farms as Doe seeks to assert no claims against them at this time. *Id.*

15. In the case at hand, Plaintiffs' amendment is nonprejudicial in that it does not raise a new legal theory. Plaintiffs have not demonstrated bad faith as it is early in the litigation. Allowing Plaintiffs to amend to include Plaintiff Doe would serve the interests of justice and judicial economy.

16. Lastly, Plaintiffs request to amend their First Amended Complaint to correct an inadvertent omission in the Prayer for Relief because it is non-prejudicial and not in bad faith. Plaintiffs' have shown that that Defendants have had knowledge of their TVPRA claims and factual allegations to support those claims since commencement of the action and that Plaintiffs' omission of their request for relief related to these claims was inadvertent. The Court should grant Plaintiffs' requested leave to cure their inadvertent omission early in this action as included in their Proposed Second Amended Complaint.

For the above reasons, Plaintiffs' Motion for Leave to Proceed Anonymously and Amend Complaint to Add Plaintiff John Doe should be granted

This 4th day of November, 2020.

Respectfully Submitted,


*By:* /s/ Caitlin A. Ryland
Caitlin A. Ryland
N.C. State Bar No. 38472
Email: CaitlinR@legalaidnc.org
Legal Aid of North Carolina
Farmworker Unit
P.O. Box 26626
Raleigh, NC 27611
Phone: (919) 856-2180

*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| JOSE ROLANDO MOSHAN-MARTINEZ, *et al.*, ) <br> ) <br> Plaintiffs ) <br> v. ) <br> ) <br> FRANCISCO VALADEZ, JR. LLC *et al.* ) <br> ) <br> Defendants. ) <br> ) | CASE NO: 5:20-cv-00205-FL <br><br> CERTIFICATE OF SERVICE |

This is to certify that on November 4, 2020, I electronically filed Plaintiffs' MOTION FOR LEAVE TO PROCEED ANONYMOUSLY AND TO AMEND COMPLAINT TO ADD PLAINTIFF JOHN DOE with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

F. Marshall Wall
mwall@cshlaw.com
Zachary Antsett
zanstett@cshlaw.com

Cranfill Sumner & Hartzog LLP
P.O. Box 27808
Raleigh, North Carolina 27611-7808

*Attorneys for Defendants Francisco Valadez, Jr. LLC and Francisco Valadez, Jr.*

Caitlin Murray Goforth
Caitlin.Goforth@jacksonlewis.com,
Ann Herlocker Smith
Ann.Smith@jacksonlewis.com

Jackson Lewis P.C.
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612

*Attorneys for Defendant Winzeler Farms*

Gordon C. Woodruff

gwoodruff@wrflaw.com
Woodruff & Fortner
P.O. Box 708
Smithfield, NC 27577

Henry C. Smith
smith@warrenkerr.com
Warren Kerr Walston Taylor & Smith, LLP
P.O. Box 1616
Goldsboro, NC 27533-1616

*Attorneys for Defendants Sleepy Creek Farms and Goldsboro Milling*

William Joseph Austin,Jr
jaustin@nowlaw.com
Benton G. Sawrey
bsawrey@narronwenzel.com

Narron Wenzel, P.A.
5400 Glenwood Ave., Suite 201
Raleigh, NC 27612

*Attorneys for Defendant Cottle Farms*

                                              By: /s/ Caitlin A. Ryland
Caitlin A. Ryland
N.C. State Bar No. 38472
Email: CaitlinR@legalaidnc.org
Legal Aid of North Carolina
Farmworker Unit
P.O. Box 26626
Raleigh, NC 27611
Phone: (919) 856-2180

*Attorney for Plaintiffs*