IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO: 5:20-CV-00205-FL

JOSE ROLANDO MOSHAN-MARTINEZ, )
*et al*., on behalf of themselves and all )
other similarly situated person, )
)
Plaintiffs, )
)
v. )
)
FRANCISCO VALADEZ JR. LLC, *et al.* )
)
Defendants. )
_____)

## CONSENT ORDER

Plaintiffs José Rolando Moshan-Martinez, José Eduardo Casillas-Serrano, Bulmaro De la Rosa-Alvarado, Isaias Gomez-Gonzalez, Efraín Gomez-Santiz, José Luis Hernandez-Martinez, Maricela Jimenez-Giron, Oscar Guadalupe Lopez-Arcos, and Lorenzo Lopez-Lopez, instituted this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"), the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1, et seq. ("NCWHA"), the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1581 et seq. ("TVPRA"), the Unfair and Deceptive Practices Act, N.C. Gen. Stat. § 75-1.1, et seq. ("UDTPA"), and North Carolina common law on May 18, 2020. Plaintiffs amended their complaint to add Plaintiff John Doe on February 24, 2021. Defendants Goldsboro Milling Company, Inc. (f/k/a Sleepy Creek Farms, Inc.) and GMC Legacy, LLC (f/k/a Goldsboro Milling Company) ("Grower Defendants") have denied, and continue to deny, the allegations.

Plaintiffs and the Grower Defendants hereby consent to the entry by the Court of the

following Consent Order, in order to resolve their differences expeditiously, to do justice for all, and to minimize further legal expense. All parties agree that this Consent Order is being entered into for purposes of enforcement under Rule 71 of the Federal Rules of Civil Procedure and that this Consent Order will remain in place for three (3) years from the date that it is entered by the Court. The terms of this Order shall apply to the Grower Defendants, their heirs, representatives, successors, and assigns, and shall be implemented immediately where not otherwise specifically stated. The Plaintiff and the Grower Defendants (collectively, the "Parties") have stipulated to jurisdiction of the Court over them and agree that the subject matter of this action is properly before the Court.

The Parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation. It is understood and agreed that this settlement is the compromise of disputed claims (which the Grower Defendants have denied) and is not an admission of liability or wrongdoing by the Grower Defendants.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action and (2) the purposes and provisions of the Fair Labor Standards Act and the North Carolina Wage and Hour Act will be promoted and effectuated by the entry of the Consent Order.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. The Grower Defendants shall install or cause to be installed, and will maintain throughout the time that any migrant workers are staying in the housing, signage in English and Spanish at each migrant housing site they anticipate using and/or use to house any migrant worker regarding workers' rights to receive visitors, including legal services visitors, during non-work hours without reprisal. The posters shall be furnished by Legal Aid of North Carolina upon

approval of the Settlement Agreement and will contain the following language in English and Spanish:

> **Attention Employees:**
>
> **The Labor camp housing is your home and you have the right to have visits, including from service providers, religious groups, attorneys, and health care providers. No overnight visitors are allowed.**
>
> **If you believe that your employer has violated these regulations, please contact Legal Aid of North Carolina, Farmworker Unit by phone at 1-800-777-5869 or WhatsApp 919-523-6665 or the United States Department of Labor, Wage and Hour Division at 1-866-487-9243.**

2. Grower Defendants shall not provide any written agreement to an H2A labor contractor that intentionally misstates the estimated number of workers needed from that contractor and the anticipated time periods that labor will be needed during that agricultural season.

3. Grower Defendants shall notify the NC Department of Commerce's H2A Coordinator, Thomas "Benji" Leggett (thomas.leggett@nccommerce.com), or his successor (if notice is provided), in writing within 2 business days after receiving actual or constructive knowledge of circumstances that result in a substantial change in their labor needs from the time that they entered into the written agreement with the H2A labor contractor.

4. Grower Defendants shall not knowingly use labor provided by the Francisco Valadez, Jr., Francisco Valadez, Jr., LLC, or their heirs, assigns, or successors.

5. Grower Defendants shall not enter into any agreement with a farm labor contractor where the contractor will provide H-2A workers where the agreement does not require Grower Defendants to either pay directly or pay to a labor contractor or agent in Mexico the following costs:

1. all H-2A visa costs;

2. transportation from the U.S. Consulate to Grower Defendant or Grower Defendant's labor contractor's labor camp; and

3. hotel expenses, if any, while the H-2A worker is waiting for a visa appointment and/or receipt of their visa in the city of the U.S. Consulate, and while traveling from the U.S. Consulate to Grower Defendant's or Grower Defendant's labor contractor's labor camp.

Such costs shall not be paid by the H-2A worker except, if the worker is traveling individually, they may pay the costs in Nos. 2 and 3. Reimbursement for those costs to workers traveling individually shall be made within two business days of said worker's arrival in the Grower Defendant or Grower Defendant's labor contractor's labor camp.

Reimbursement to each worker for transportation and subsistence costs from the point of recruitment to the U.S. Consulate, subsistence costs from the U.S. Consulate to the Grower Defendant or Grower Defendant's labor contractor's labor camp, and the $6 border crossing fee (unless workers are provided $6 cash prior to crossing to pay this fee) shall also be made to each worker within two business days of each worker's arrival in the Grower Defendant or Grower Defendant's labor contractor's labor camp. Receipts shall not be required for reimbursement.

6. Grower Defendants shall, before executing any agreement with a farm labor contractor where the contractor will provide H-2A workers, request and retain a copy of the labor

contractor's U.S. Department of Labor farm labor contractor license and shall not utilize that farm labor contractor if the license does not provide for housing, transportation, and driving authorization. Provided, however, that nothing contained herein shall prohibit Sleepy Creek Farms from contracting with, or using, a farm labor contractor or farm labor contractor employee who has submitted an application to the licensing authority and received written authorization from the licensing authority to operate while the application is pending, as long as in such event, and until Sleepy Creek Farms obtains a copy of the actual license, Sleepy Creek Farms obtains and retains a copy of the application submitted and the written authority to operate.

7. For every labor contractor hired or contracted by either of the Grower Defendants to furnish H-2A workers, prior to hiring or contracting with them, Grower Defendant(s) shall review the entity's or individual's history of compliance with U.S. Department of Labor and Occupational Safety and Health Administration laws and regulations (available here: https://enforcedata.dol.gov/homePage.php). Grower Defendants shall make a reasonable inquiry with the applicable administrative agency regarding the nature and degree of any history of violations before hiring that contractor. Further, Grower Defendants shall review the USDOL Office of Foreign Labor Certification's Program Debarments List (available here: https://www.dol.gov/sites/dolgov/files/ETA/oflc/pdfs/Debarment_List.pdf) to determine that the labor contractor does not appear on that list, and shall not hire or contract with anyone appearing on that list. Grower Defendants shall document the efforts undertaken to comply with the actions required by this paragraph and shall make them available to Legal Aid of North Carolina upon request.

8. For every labor contractor hired or contracted by either Grower Defendants to provide H-2A workers, that Grower Defendant(s) shall, on a weekly basis, request a copy of all

payroll records for their farm labor crew related to work performed on our farming and packing operation showing at least the following earning information with respect to the workers on that farm labor crew:

- Employee's full name and social security number;
- Birth date, if younger than 19;
- Sex and occupation;
- Worker's home address;
- Time and day of week when employee's workweek begins;
- Field tally records, supporting summary payroll records, and records showing the nature and amount of the work performed;
- Number of hours of work offered each day by the employer;
- Hours actually worked each day by the worker;
- Time the worker began and ended each workday;
- Total hours worked each workweek;
- Tate of pay (both piece rate and hourly, if applicable);
- Worker's earnings per pay period;
- Worker's earnings per workweek;
- Total wages paid each pay period;
- Date of payment and the pay period covered by the payment; and
- Amount of and reasons for any and all additions to and deductions taken from the worker's wages.

Grower Defendants shall retain those records for a period of no less than 3 years after the last date that those farm labor crews were furnished by that contractor.

9. Grower Defendants shall refrain from locking the gate when occupants are in housing owned or operated by Grower Defendants. The gate may be closed, but not locked, from 12 midnight to 5:00 AM.

10. Defendant Goldsboro Milling Company, Inc. ("Goldsboro Milling") shall consider opportunities to improve communications and data function at its labor camp and shall contribute $10,000.00 to this effort(s). This $10,000.00 can be used for costs associated with WiFi service, including hardware purchases, installation, labor, and carrier charges. Defendant Goldsboro Milling shall provide a quarterly update to Plaintiffs' counsel concerning said Defendant's progress and/or activity in the required expenditure(s) of $10,000. Defendant

Goldsboro Milling shall select the best alternative option that appears to it to result in the most meaningful and cost-effective improvements in communications capability. Defendant Goldsboro Milling shall not be accountable for failing to identify the best possible communications solution, and the selection of the solution to be implemented shall be in Defendant Goldsboro Milling's sole and unfettered discretion. Defendant Goldsboro Milling shall have no liability for failing to keep any system running and operational once its financial commitment has been exhausted. Decisions made by Defendant Goldsboro Milling in implementing this system shall not be reviewable by the Court unless Defendant Goldsboro Milling fails to spend $10,000.00 in an effort to improve communications options at and around the labor camp prior to the expiration of this Consent Order.

SO ORDERED:

| 4/20/22 | _____ |
| --- | --- |
| Date | United States District Court Judge |

The Parties jointly request that the Court approve and enter the Consent Order:

| North Carolina Justice Center | Legal Aid of North Carolina, Farmworker Unit |
|---|---|
| /s/ Carol L. Brooke<br>Carol L. Brooke<br>N.C. Bar No. 29126<br>P.O. Box 28068<br>Raleigh, NC  27611<br>Telephone: 919-856-2144<br>Facsimile: 919-856-2175<br>carol@ncjustice.org<br>*Attorney for Plaintiffs* | /s/ Caitlin Ryland<br>Caitlin Ryland<br>N.C. Bar No. 38472<br>P.O. Box 26626<br>Raleigh, NC  27611<br>Telephone: 919-856-2180<br>Facsimile: 919-856-2167<br>CaitlinR@legalaidnc.org<br>*Attorney for Plaintiffs* |
| /s/ Henry C. Smith<br>Henry C. Smith<br>NC Bar No. 10043<br>Warren Kerr Walston Taylor & Smith, LLP<br>P.O. Box 1616<br>Goldsboro, NC  27533-1616<br>Telephone: 919-734-1841<br>Facsimile: 919-734-4215<br>smith@warrenkerr.com<br>*Attorney for Defendants Goldsboro Milling Co., Inc., and GMC Legacy, LLC* | /s/ Gordon C. Woodruff<br>Gordon C. Woodruff<br>NC Bar No. 7408<br>Woodruff & Fortner<br>P.O. Box 708<br>Smithfield, NC  27577<br>Telephone: 919-934-4000<br>Facsimile: 919-934-5884<br>gwoodruff@wrflaw.com<br>*Attorney for Defendants Goldsboro Milling Co., Inc. and GMC Legacy, LLC* |